IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-00266-01-CR-W-RK |
| ) | |
| ) | |
| RAIMON MARTEZ GILLIAM, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Pending are Defendant Raimon M. Gilliam's two pro se Motions to Dismiss Indictment filed November 15, 2021, and January 5, 2022. Docs. 114, 125. The Government filed Suggestions in Opposition on December 17, 2021, and January 6, 2022. Docs. 124, 126. Defendant did not file a reply, and the time for doing so has passed. L.R. 7(c)(3). For the reasons set forth below, it is recommended that Defendant's Motions to Dismiss be **DENIED**.

### I.   BACKGROUND

On August 7, 2019, the grand jury returned a twelve-count indictment charging Defendant Gilliam with one count of conspiracy to distribute a controlled substance, seven counts of distribution of heroin, and four counts of possession of a firearm in furtherance of a drug trafficking crime. Doc. 1. Relevant to the pending motions, the indictment alleges Defendant violated 18 U.S.C. § 924(c)(1)(A)(i) when he possessed an AK-style rifle during a drug trafficking crime (distribution of heroin) on February 28, 2018 (Count Three), and a Glock-brand handgun in furtherance of drug trafficking crimes (distribution of heroin) occurring on March 5, 2018 (Count Five), March 12, 2018 (Count Seven), and April 19, 2018 (Count Nine). *Id*. at 3-5.

Defendant asks the Court to dismiss his indictment "due to lack of evidence." Doc. 114 at 1.[1]  Specifically, he argues there is no Missouri statute that supports a 924(c) charge. *Id.* at 7.  He also contends a new Missouri law "establishes that state gun laws trump federal ones." *Id.* at 10. According to Defendant, Missouri's Second Amendment Preservation Act (the "Act") requires dismissal of his indictment because he (1) "has been a Missouri citizen at all times," (2) is a "law-abiding citizen" and "is not precluded under state law from possessing a firearm," and (3) would not have been indicted by the grand jury "without state evidence and witnesses." *Id*. at 10-11.

The Government argues the Act is not a cognizable basis for dismissing the indictment. Doc. 124 at 3-10.  The Government contends, among other things, the Supremacy Clause of the United States Constitution prevents the State of Missouri from nullifying federal criminal laws, and even if the new state law was not rendered invalid by the Supremacy Clause, the Act "does not, by its own terms, apply to Gilliam's prosecution." *Id*. at 3, 8; *see also* U.S. Const. art. VI, cl. 2.

## II.     DISCUSSION[2]

The Missouri Act declares, *inter alia*, certain federal acts, laws, executive orders, administrative orders, rules and regulations "shall be considered infringements on the people's right to keep and bear arms, as guaranteed by Amendment II of the Constitution of the United States . . . within the borders of this state." Mo. Rev. Stat. § 1.420 (2021). According to the Act, any federal "act forbidding the possession, ownership, use, or transfer of a firearm, firearm

---

[1] Defendant identified his Motion to Dismiss as a motion and suggestions in support with separate pagination. *See* Doc. 114. However, because these documents were filed as one document on the Court's ECF system, the undersigned refers to the auto-generated pagination applied by the Court's filing system.

[2] Defendant's second Motion to Dismiss Indictment (Doc. 125) does not present additional or unique arguments on which the Court could grant dismissal. Instead, the motion asks the Court to grant Defendant's first Motion to Dismiss Indictment because the Government did "not file a response to defendants [sic] Motion to Dismiss Indictment . . . forfeiting there [sic] arguments to defendants [sic] motion." Doc. 125 at 2. Contrary to Defendant's assertion, the Government timely responded to his first motion on December 17, 2021. *See* Doc. 124. Accordingly, the undersigned recommends Defendant's second motion be **DENIED AS MOOT**.

accessory, or ammunition by law-abiding citizens" infringes on a person's right to keep and bear arms. *Id*. § 1.420(4). Any federal laws that the Act identifies as an infringement on a person's right to keep and bear arms "shall be invalid to this state, shall not be recognized by this state, shall be specifically rejected by this state, and shall not be enforced by this state." *Id*. § 1.430. The Act applies "to offenses occurring on or after August 28, 2021." *Id*. § 1.480.5.

A.     **The Supremacy Clause**

The Supremacy Clause provides that "the [United States] Constitution, federal statutes, and treaties constitute 'the supreme Law of the Land.'" *Kansas v. Garcia*, 140 S. Ct. 791, 801 (2020) (citing U.S. Const. art. VI, cl. 2). This means that when federal and state law conflict, federal law prevails and state law is preempted. *See Murphy v. National Collegiate Athletic Ass'n,* 138 S. Ct. 1461, 1476 (2018). Preemption can occur in several different instances. For example, "Congress may withdraw specified powers from the States by enacting a statute containing an express preemption provision." *Arizona v. United States*, 567 U.S. 387, 399 (2012) (citation omitted). Preemption may also occur where states are precluded from regulating conduct in a field that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance. *Id.* Additionally, "[s]tate law must give way to federal law" when the state law conflicts with federal law and when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id*.

If a state law nullifies a statute passed under the powers granted by the United States Constitution, it must fail. *See United States v. Reynolds,* 235 U.S. 133, 149 (1914). Here, Defendant is charged with violating federally enacted drug laws, including 21 U.S.C. § 841(a)(1), and a federal firearm statute, 18 U.S.C. § 924(c)(1)(A)(i), which prohibits possessing firearms in furtherance of drug trafficking crimes. Doc. 1. To the extent Defendant argues the Missouri Act decriminalized his actions or somehow invalidated lawfully enacted federal criminal statutes, his

3

arguments are improper and unfounded. As stated *supra*, when a state law stands as an obstacle to the accomplishment of the full purpose and objective of Congress, it is preempted pursuant to the Supremacy Clause. *See Arizona*, 567 U.S. at 399. Here, the federal statutes charged in the indictment are squarely within Congress's power to legislate under the Commerce Clause. *See, e.g., United States v. Peck*, 161 F.3d 1171, 1174 (8th Cir. 1998) (recognizing "21 U.S.C. § 841(a)(1) has been found to be a valid exercise of Congress' powers under the Commerce Clause."); *United States v. Brown*, 72 F.3d 96, 97 (8th Cir. 1995) (finding that a prosecution under 18 U.S.C. § 924(c), which is based on a section 841(a)(1) drug trafficking offense, is permissible under the Commerce Clause). Where the Constitution grants the federal government the power to act, the Supremacy Clause dictates that federal enactments will prevail over competing state exercises of power. *United States v. Gillock,* 445 U.S. 360, 370 (1980). Accordingly, the Missouri Act is preempted by the Supremacy Clause, and for this reason, the undersigned recommends Defendant's Motion to Dismiss be DENIED.

**B.     Application of the Act**

Even if the Act was not preempted by the Supremacy Clause, Defendant's motion still fails because the Act does not, by its own terms, apply to him. Defendant is charged with a conspiracy to distribute heroin and seven counts of distribution of heroin on separate occasions between February 2018 and June 2018. *See* Doc. 1 at 2-6. Defendant is also alleged to have possessed a firearm during four of the occasions when he allegedly distributed heroin. *See id.* (Counts Three, Five, Seven and Nine). The grand jury indictment was returned on August 7, 2019. *Id*. As stated *supra*, the Missouri Act expressly applies to offenses "occurring *on or after* August 28, 2021." Mo. Rev. Stat. § 1.480 (emphasis added). Nothing in the Act indicates it is to be applied retroactively. Because the alleged offenses occurred in 2018, and the charges in this case were

4

Case 4:19-cr-00266-RK     Document 127     Filed 02/03/22     Page 4 of 7

filed in August 2019, the Act (even if applicable in this case) would not apply to the conduct for which Defendant is charged.

Furthermore, despite his assertions to the contrary, Defendant does not meet the definition of a "law-abiding citizen" presumably protected by the Act. The Act defines "law-abiding citizen" as an individual who is "not otherwise precluded under state law from possessing a firearm." Mo. Rev. Stat. § 1.480.1. Under Missouri law, a person is prohibited from "possess[ing] a firearm while also knowingly in possession of a controlled substance that is sufficient for a felony violation of section 579.015." *Id*. § 571.030.1(11). Section 579.015 proscribes the knowing possession of a controlled substance. *Id.* § 579.015.1. Heroin is a controlled substance under Missouri law. *Id.* § 195.017.2(3)(k). In this case, Defendant is alleged to have possessed a firearm while distributing heroin on four separate occasions. Doc. 1 at 3-5. Thus, even if the Act applied in this case, Defendant would not be considered a "law-abiding citizen," and would not receive any of the protections from the Act. Defendant could be prosecuted for the very same conduct in a Missouri state court. The undersigned recommends a finding that Defendant's Motion to Dismiss be DENIED.

**C.     The Grand Jury Indictment and Sufficiency of the Evidence**

Defendant also argues in his motion that "[w]ithout state evidence and witnesses, Defendant would have never been indicted by [the] Grand Jury August 7, 2019 on twelve counts, four of which are a 924(c) gun protecting drug charges." Doc. 114 at 11. He also contends the indictment should be dismissed "due to lack of evidence." *Id.* Defendant's argument regarding the evidence before the grand jury, however, is foreclosed by case law that has conclusively established a challenge to the reliability or competence of evidence supporting a grand jury's probable cause finding will not be heard. *See Kaley v. United States,* 571 U.S. 320, 328 (2014) (recognizing that "[t]he grand jury gets to say—without any review, oversight or second-

5

guessing—whether probable cause exists to think that a person committed the crime."); *Costello v. United States,* 350 U.S. 359, 363 (1956) (observing that a criminal defendant is not entitled to a preliminary trial to determine the competency and adequacy of the evidence before a grand jury); *see also United States v. Nelson,* 165 F.3d 1180, 1182 (8th Cir. 1999) (recognizing "[i]t has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury."). Regarding Defendant's claim that the indictment should be dismissed for "lack of evidence," federal criminal procedure does not provide for a pretrial determination of sufficiency of the evidence. *See, e.g., United States v. Ferro,* 252 F.3d 964, 968 (8th Cir. 2001). The undersigned recommends Defendant's Motion to Dismiss on the basis of sufficiency of the evidence, or the nature of the evidence that was presented to the grand jury, be DENIED.[3]

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's first pro se Motion to Dismiss (Doc. 114) and denying as moot Defendant's second pro se Motion to Dismiss (Doc. 125).

Counsel for the Government and Defendant are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections

---

[3] In its opposition, the Government contends the Act is invalid under the doctrine of intergovernmental immunity and ordinary preemption principles to the extent it impedes the federal government from subpoenaing state and local law enforcement officers for testimony. Doc. 124 at 6-8. The undersigned has not addressed this argument as it goes beyond the issues raised in Defendant's Motions to Dismiss. If the applicability of the Missouri Act affects either party's ability to subpoena witnesses or compel witness testimony, that is a separate legal issue for the Court to determine once it has been established that a particular witness has refused to appear or testify on the basis of the Act. To the extent Defendant seeks to preclude a witness from testifying by virtue of the Act, that is an *in limine* request that is not cognizable in a pretrial motion to dismiss an indictment. A ruling on whether the Missouri Act may *potentially* affect the future appearance or testimony of unidentified witnesses at trial would be speculative and premature at this time.

by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.


DATE: February 3, 2022            _/s/ W. Brian Gaddy_
                                                W. BRIAN GADDY
                                                UNITED STATES MAGISTRATE JUDGE